**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| THE NORDAM GROUP, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 07-CV-0109-CVE-SAJ |
| ) | |
| EDWARD FRANCIS McKIERNAN, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Now before the Court is Defendant's Motion for Summary Judgment and Brief in Support (Dkt. # 22). Defendant argues that there is a complete lack of evidence supporting plaintiff's claims for breach of fiduciary duty and breach of contract, and he also requests summary judgment on his counterclaim against plaintiff. Defendant relies solely on the complaint and plaintiff's failure to respond to requests for admissions to support his factual allegations.

**I.**

Defendant's motion for summary judgment has been filed as a result of plaintiff's refusal to participate in discovery, and a brief review of the procedural history of this case is necessary to understand why this motion is before the Court. On February 16, 2007, Nordam filed a complaint alleging that the defendant, Edward McKiernan ("McKiernan"), breached his duty of loyalty to his former employer and that he breached a non-competition agreement in the employment contract. According to the complaint, McKiernan worked for The Nordam Group, Inc. ("NORDAM") as a senior account manager specialist. This was a sales position, and McKeirnan had frequent contact with NORDAM's customers. McKiernan also had access to confidential and proprietary information belonging to NORDAM, such as customer lists, pricing information, and cost and profit

data. While he was employed by NORDAM, NORDAM alleges that McKiernan maintained a website advertising his own aircraft repair services. NORDAM states that it provided the same services to its customers, and McKiernan was specifically hired to provide NORDAM's customers the same services advertised on his website.

At the time McKiernan was hired, he signed an employment agreement containing a non-competition agreement. The agreement stated:

> I further agree that within a period of one (1) year following my termination of employment . . . with Nordam, I will not call upon, solicit or contact any customer of Nordam, either directly or indirectly, in regard to any product or any service in which Nordam is engaged.

Dkt. # 2, at 5-6. McKiernan left his employment with NORDAM on January 30, 2007 to accept a position with a company offering similar services to those offered by NORDAM. NORDAM alleges that McKiernan may have sent highly confidential information to his home computer throughout the course of his employment. NORDAM also claims that it discovered customer and pricing lists in a box that McKiernan intended to take with him after he resigned from NORDAM.

On February 19, 2007, NORDAM filed a motion to expedite discovery (Dkt. # 6) and a motion for preliminary injunction (Dkt. # 7). The motion for expedited discovery was granted, and NORDAM immediately served requests for production on defendant. On March 9, 2007, defendant served requests for production, interrogatories, and requests for admission on NORDAM. Defendant responded to plaintiff's requests for production, but plaintiff has not responded to a single discovery request issued by defendant. Defense counsel has attached letters and e-mails to this motion detailing his various attempts to contact plaintiff's counsel, but he states that plaintiff's counsel did not respond. McKiernan made his laptop computer available to plaintiff for inspection, but plaintiff has not responded to defendant's invitation to inspect the computer. Plaintiff claims

that the parties began settlement negotiations after the case was filed, and it hoped the case could be resolved without substantial discovery by either party. According to plaintiff, its failure to respond to defendant's discovery requests was an oversight, and there is no indication that plaintiff has engaged in bad faith litigation tactics.

Defendant filed this motion for summary judgment based on plaintiff's failure to respond to requests for admission. Defendant argued that the requests for admission were admitted when plaintiff did not respond within 30 days and the requests for admission alone provide a sufficient basis to grant summary judgment for defendant. Plaintiff responded to the motion for summary judgment and simultaneously filed a motion to withdraw its deemed admissions to defendant's requests for admission. On July 17, 2007, the magistrate judge granted plaintiff's motion to withdraw deemed admissions, and plaintiff has now responded to each of defendant's requests for admission with a denial. However, the magistrate judge expressed significant displeasure with plaintiff's conduct during this litigation:

> The Court finds, however, that sanctions are appropriate in this case due to Plaintiff's failure to respond to Defendant's discovery requests despite numerous efforts by Defendant to communicate with Plaintiff. As a result, the Court grants Defendant's motion for attorney fees and costs. Defendant attempted to make contact with Plaintiff through various mediums including letters, phone calls, and emails. Plaintiff not only failed to adhere to the due dates attached to the discovery requests, but failed to simply communicate with Defendant.

Dkt. # 35, at 1. The magistrate judge awarded defendant attorney fees and costs caused by plaintiff's failure to communicate, including costs associated with filing this motion for summary judgment. In addition, plaintiff was ordered to respond to all of defendant's discovery requests no later than July 27, 2007.

## II.

Summary judgment pursuant to Fed. R. Civ. P. 56 is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); Kendall v. Watkins, 998 F.2d 848, 850 (10th Cir. 1993). The plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Celotex, 477 U.S. at 317. "Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Kaul v. Stephan, 83 F.3d 1208, 1212 (10th Cir. 1996). "Summary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Durham v. Xerox Corp., 18 F.3d 836, 838-39 (10th Cir. 1994).

"When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. . . . Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986) (citations omitted). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the [trier of fact] could reasonably find for the plaintiff." Anderson, 477 U.S. at 252. In essence, the inquiry for the Court is "whether the evidence presents a sufficient disagreement to require submission to a jury or

whether it is so one-sided that one party must prevail as a matter of law." Id. at 250. In its review, the Court construes the record in the light most favorable to the party opposing summary judgment. Garratt v. Walker, 164 F.3d 1249, 1251 (10th Cir. 1998).

### III.

Defendant has moved for summary judgment based on the lack of evidence supporting plaintiff's claims and plaintiff's admissions caused by its failure to respond to defendant's requests for admission. The magistrate judge has permitted to plaintiff to substitute denials for each of the deemed admissions, and the admissions are no longer a source of evidence in support of defendant's motion. With the withdrawal of plaintiff's deemed admissions, there is not one piece of evidence in the summary judgment record for the Court to consider except for letters describing defendant's frustration with plaintiff's failure to participate in discovery. Defendant asserts that this lack of evidence shows that the Court should grant summary judgment in favor of defendant, because plaintiff has not carried its burden to respond to a summary judgment motion.

Although the Court appreciates defendant's evident frustration with plaintiff's failure to participate in discovery, the Court can not grant summary judgment on this evidentiary record. The non-moving party has no burden to respond to a summary judgment motion unless the motion is properly supported with reference to affidavits and discovery responses. Fed. R. Civ. P. 56(e); Murray v. City of Tahlequah, Oklahoma, 312 F.3d 1196, 1200 (10th Cir. 2002); Reed v. Bennett, 312 F.3d 1190, 1194-95 (10th Cir. 2002). At the summary judgment stage, the moving party always bears the initial burden of production even if the opposing party has the burden of persuasion on a particular issue at trial. Trainor v. Apollo Metal Specialties, Inc., 318 F.3d 976 (10th Cir. 2002). In this case, defendant has provided no evidence in support of his motion for summary judgment and

5

he has not carried his burden to produce evidence under Rule 56(e). Defendant's statement of undisputed facts is not supported by reference to any evidence outside of the pleadings, and the Court finds that summary judgment is not appropriate at this time.

Based on Tenth Circuit precedent, it appears that plaintiff's motion for summary judgment more closely resembles a motion to dismiss for failure to prosecute. Reed, 312 F.3d at 1195-95; Hancock v. City of Oklahoma City, 857 F.2d 1394, 1396 (10th Cir. 1988). Dismissal is a harsh sanction that is rarely appropriate. Meade v. Grubbs, 841 F.2d 1512, 1520-21 (10th Cir. 1988). Based on the record before the Court, dismissal as a sanction is clearly not warranted because a lesser sanction will remedy any harm caused to defendant. Issa v. Comp Usa, 354 F.3d 1174, 1177 (10th Cir. 2003). As the Court has previously noted, the magistrate judge has ordered plaintiff to pay defendant's attorney fees related to discovery delays and the costs associated with filing this motion. He has also ordered plaintiff to comply with defendant's discovery requests by July 27, 2007. This should remedy any prejudice caused to defendant by plaintiff's litigation conduct thus far, and dismissal of plaintiff's claim as a sanction is not appropriate.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Summary Judgment and Brief in Support (Dkt. # 22) is **denied**.

**DATED** this 20th day of July, 2007.

*[signature]*
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT